IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>HENDRICK SOCORRO SANCHEZ ORTA [1],<br><br>Defendant. | CRIMINAL NO. 23-195 (ADC) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**RE: RULE 11(b) GUILTY PLEA HEARING**

**I.   Procedural Background**

On May 11, 2023, defendant Hendrick Socorro Sanchez Orta was charged in a fifty-three count indictment. He agrees to plead guilty to each count, excluding Count Thirty-Seven.

Count One charges that from on or about April 2020, through approximately May 11, 2023, Mr. Sanchez Orta and others known and unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate and agree to devise a scheme and artifice to defraud and to obtain money and property from the United States Small Business Administration, and a bank, by means of false and fraudulent pretenses, representations and promises; and for the purpose of executing the scheme and artifice, transmitted and caused to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343. All in violation of Title 18, United States Code, Section 1349.

Counts Two through Fifty-Two charge that from on or about April 2020, through approximately May 11, 2023, in Puerto Rico, Mr. Sanchez Orta and others known and unknown to the grand jury, aiding and abetting one another, knowingly devised, and intended to devise, a

**USA v. Hendrick Socorro Sanchez-Orta [1]**
**Cr. No. 23-195 (ADC)**
**Report and Recommendation on Guilty Plea**

scheme and artifice to defraud the United States Small Business Administration, and a bank, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, by submitting and causing to be submitted false and fraudulent applications for COVID-19 relief funds issued under the authority of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act.

Specifically, Counts Two through Fifty-Two each charge that, on the dates specified in the indictment, Mr. Sanchez Orta and other defendants aiding and abetting one another for the purpose of executing the scheme and artifice to defraud described above, and attempting to do so, transmitted, and caused to be transmitted, writings, signs, signals, pictures, and sounds by means of wire communications in interstate commerce to obtain PPP (or, in the case of Count Fifty-Two, EIDL) loans in the amounts specified in the indictment, all in violation of Title 18, United States Code, Section 1343 and 2.

Count Fifty-Three charges that from on or about April 2020, through approximately May 11, 2023, in Puerto Rico, Mr. Sanchez Orta and others known and unknown to the grand jury, conspired with one another to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit, a) to knowingly conduct and attempt to conduct financial transactions involving the proceeds of specified unlawful activity, that is, wire fraud, knowing the transactions were designed in whole and in part to conceal the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); b) to knowingly conduct and attempt to conduct financial transactions involving the proceeds of specified unlawful activity, that is, wire fraud, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful

Page 3

**USA v. Hendrick Socorro Sanchez-Orta [1]**
**Cr. No. 23-195 (ADC)**
**Report and Recommendation on Guilty Plea**

activity with the intent to promote the carrying on of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and c) to knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1957. All in violation of Title 18, United States Code, Section 1956(h).

Defendant appeared before me, assisted by the court interpreter, on March 4, 2025, since the Rule 11 hearing was referred by the court. See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

## II.    Consent to Proceed Before a Magistrate Judge

Defendant was advised of his right to hold all proceedings, including the change of plea hearing, before a district court judge. He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge. He was informed that if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge. The defendant then voluntarily consented to proceed before a magistrate judge.

## III.   Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid

waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernandez-Wilson, 186 F.3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244 (1st Cir. 1991)).

### A.     Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The court confirmed that the defendant received the indictment and fully discussed the charge with his counsel and was satisfied with the advice and representation he received. The court further inquired whether defendant's counsel or counsel for the government had any doubt as to his capacity to plead, receiving answers from both that the defendant was competent to enter a plea. After considering the defendant's responses, and observing his demeanor, a finding was made that the defendant was competent to plead and fully aware of the purpose of the hearing.

### B.     Maximum Penalties and Consequences of Guilty Plea

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, namely: as to Count One

through Count Fifty-Two, a term of imprisonment of up to thirty years, and a fine of up to $1,000,000.00, or both, and a term of supervised release of up to five years, and as to Count Fifty-Three, a term of imprisonment of up to twenty years, and a fine of up to $500,000.00 or two times the amount of the financial transactions involved, whichever is greater, and a term of supervised release of up to three years. The defendant also understood that a Special Monetary Assessment of $100.00 per count would be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a). The court explained the nature of supervised release and the consequences of revocation. The defendant indicated that he understood the maximum penalties.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served. Defendant was additionally informed that a pre-sentence report would be prepared and considered by the district judge at sentencing, and that the defense and the government would be allowed to correct or object to any information contained in the report which was not accurate. Defendant was further admonished that his guilty plea, if accepted, may deprive him of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm. The defendant also confirmed that he was aware that his guilty plea, if accepted, may result in negative immigration consequences such as removal, deportation, and prohibition of re-entry to the United States. The defendant confirmed that he understood these consequences of his guilty plea.

C. **Sentencing Procedures**

The defendant was specifically informed that the district court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate provided

**USA v. Hendrick Socorro Sanchez-Orta [1]**
**Cr. No. 23-195 (ADC)**
**Report and Recommendation on Guilty Plea**

by his attorney, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines, and that he would not be allowed to withdraw his guilty plea for the sole reason that he received a sentence more severe than he might anticipate. The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a). The defendant was advised that under some circumstances he or the government may have the right to appeal the sentence the court imposes.

      D.    **Waiver of Constitutional Rights**

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf. He was further informed that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

The defendant specifically acknowledged understanding these rights, and understanding

Page 7

**USA v. Hendrick Socorro Sanchez-Orta [1]**
**Cr. No. 23-195 (ADC)**
**Report and Recommendation on Guilty Plea**

that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that the court explained.

  E. **Factual Basis for the Guilty Plea**

Defendant was read in open court Counts One through Fifty-Three (excluding Count Thirty-Seven) of the indictment and provided an explanation of the elements of the offenses. Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offenses charged in Counts One through Fifty-Three (excluding Count Thirty-Seven) and the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt. The defendant was able to understand the government's submission as to the facts which could have been presented at trial and admitted to the elements of the offense.

  F. **Voluntariness**

The defendant indicated that he was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered him a thing of value in exchange for his plea. He acknowledged that no one had made any promises in exchange for his guilty plea. Throughout the hearing the defendant was able to consult with his attorney.

**IV.** **Conclusion**

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Counts One through Fifty-Three (excluding Count Thirty-Seven) of the indictment.

After cautioning and examining the defendant under oath and in open court concerning

USA v. Hendrick Socorro Sanchez-Orta [1]
Cr. No. 23-195 (ADC)
**Report and Recommendation on Guilty Plea**

each of the subject matters mentioned in Rule 11, I find that the defendant, Hendrick Socorro Sanchez-Orta, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Counts One through Fifty-Three (excluding Count Thirty-Seven) of the indictment.

This report and recommendation is filed pursuant to Title 28, United States Code, Section 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

**A sentencing hearing will be set before Judge Aida Delgado-Colon.**

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 5th day of March, 2025.

*s/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge